IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ABBVIE INC.,                                    )
                                                )
                    Plaintiff,                  )
                                                )
        v.                                      )   C.A. No. _____
                                                )
DR. REDDY'S LABORATORIES, INC. and              )
DR. REDDY'S LABORATORIES LTD.,                  )
                                                )
                    Defendants.                 )

## COMPLAINT

Plaintiff AbbVie Inc. ("AbbVie"), by its undersigned attorneys, brings this action against

Defendants Dr. Reddy's Laboratories, Inc. and Dr. Reddy's Laboratories Ltd. (collectively,

"DRL"), and hereby alleges as follows:

## NATURE OF THE ACTION

1.      This is a civil action for patent infringement arising under the patent laws of the

United States, 35 U.S.C. § 1, *et seq.*, and in particular under 35 U.S.C. § 271, and the Declaratory

Judgment Act, 28 U.S.C. §§ 2201 and 2202. This action arises from DRL's submission of an

Abbreviated New Drug Application ("ANDA") to the United States Food and Drug

Administration ("FDA") seeking approval to market a generic version of AbbVie's pharmaceutical

product RINVOQ® LQ 1 mg/mL oral solution ("DRL's ANDA Product" or the "DRL ANDA

Product"), prior to the expiration of United States Patent Nos. 11,186,584 ("the '584 Patent") and

12,365,689 ("the '689 Patent") (collectively, "the Patents-in-Suit").

## RINVOQ® LQ

2.      RINVOQ® LQ is a ground-breaking oral solution drug for treating pediatric

patients two years of age and older with active psoriatic arthritis and patients two years of age and

older with active polyarticular juvenile idiopathic arthritis.

3. Janus kinases (JAKs), including JAK1, JAK2, JAK3 and Tyrosine kinase 2 (Tyk2), are intracellular enzymes that play a pivotal role in signaling pathways arising from cytokine or growth factor-receptor interactions on the cellular membrane to influence cellular processes of hematopoiesis and immune cell function. Within the signaling pathway, JAKs phosphorylate and activate signal transducers and activators of transcription (STATs), which modulate intracellular activity including gene expression. RINVOQ® LQ's active ingredient, upadacitinib, modulates the signaling pathway at the point of JAKs, preventing the phosphorylation and activation of STATs. Upadacitinib has surprising selectivity for JAK1.

4. AbbVie's development of RINVOQ® LQ is part of its long legacy of research in immunology and its track record to making life better for patients with immune-mediated diseases.

5. RINVOQ® LQ is currently approved for treatment of (1) pediatric patients 2 years of age and older with active psoriatic arthritis who have had an inadequate response or intolerance to one or more TNF blockers, and (2) patients 2 years of age and older with active polyarticular juvenile idiopathic arthritis who have had an inadequate response or intolerance to one or more TNF blockers.

6. RINVOQ® LQ is an important addition to the treatment landscape for patients with these conditions and provides a treatment option for patients who do not respond well or are intolerant to other therapies. Indeed, RINVOQ® LQ was also the first oral therapy to receive FDA approval for pediatric patients with psoriatic arthritis. RINVOQ® LQ has also received orphan drug exclusivity through April 26, 2031 for treatment of pediatric patients 2 years of age and older with active polyarticular juvenile idiopathic arthritis who have had an inadequate response or intolerance to one or more tumor necrosis factor (TNF) blockers, and for the treatment of pediatric

patients 2 years of age and older with active psoriatic arthritis who have had an inadequate response or intolerance to one or more TNF blockers.

7.    As a result of the inventive work of the AbbVie scientists responsible for its development, RINVOQ® LQ is available in a 1 mg/mL immediate-release twice daily oral solution, which allows for oral dosing to pediatric patients.

## THE PARTIES

8.    Plaintiff AbbVie is a corporation organized and existing under the laws of the State of Delaware, with its corporate headquarters at 1 North Waukegan Road, North Chicago, Illinois 60064. AbbVie is a global research and development-based biopharmaceutical company committed to developing innovative therapies for some of the world's most complex and critical conditions. AbbVie's mission is to use its expertise, dedicated people, and unique approach to innovation to markedly improve treatments across therapeutic areas.

9.    AbbVie is the assignee and owner of the Patents-in-Suit.

10.    AbbVie holds NDA No. 218347 for RINVOQ® LQ.

11.    On information and belief, Defendant Dr. Reddy's Laboratories, Inc. is a corporation organized and existing under the laws of the State of New Jersey, having a principal place of business at 600 College Road East, 4th Floor, Princeton, NJ, 08540.

12.    On information and belief, Defendant Dr. Reddy's Laboratories Ltd. is a corporation organized and existing under the laws of India, having a principal place of business at 8-2-337, Road No. 3, Banjara Hills, Hyderabad, 500034, India.

13.    On information and belief, Dr. Reddy's Laboratories, Inc. is a wholly-owned subsidiary of Dr. Reddy's Laboratories Ltd.

14.    On information and belief, Dr. Reddy's Laboratories Ltd. and Dr. Reddy's Laboratories, Inc. collaborate with respect to the development, regulatory approval, marketing,

sale, and/or distribution of pharmaceutical products. On further information and belief, Dr. Reddy's Laboratories Ltd. and Dr. Reddy's Laboratories, Inc. are agents of one another and/or operate in concert as integrated parts of the same business group and enter into agreements with each other that are nearer than arm's length.

15.    On information and belief, DRL caused ANDA No. 221506 ("DRL's ANDA") to be submitted to FDA and seeks FDA approval of DRL's ANDA.

16.    On information and belief, Dr. Reddy's Laboratories Ltd. and Dr. Reddy's Laboratories, Inc. acted collaboratively in the preparation of DRL's ANDA and continue to act collaboratively in pursuing FDA approval of DRL's ANDA and seeking to market the DRL ANDA Product.

17.    On information and belief, DRL intends to commercially manufacture, market, offer for sale, and sell the DRL ANDA Product throughout the United States, including in the State of Delaware, in the event FDA approves DRL's ANDA.

18.    On information and belief, Dr. Reddy's Laboratories Ltd. and Dr. Reddy's Laboratories, Inc. rely on material assistance from one another to market, distribute, offer for sale, and/or sell generic drugs in the U.S. market, including in the State of Delaware. On information and belief, Dr. Reddy's Laboratories Ltd. and Dr. Reddy's Laboratories, Inc. intend to act collaboratively to commercially manufacture, market, distribute, offer for sale, and/or sell DRL's ANDA Product, in the event FDA approves DRL's ANDA.

## JURISDICTION AND VENUE

19.    This is a civil action for patent infringement arising under the patent laws of the United States, including 35 U.S.C. § 271 and 28 U.S.C. §§ 1338(a), 2201, and 2202.

20.    This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338.

4

21.     This Court has personal jurisdiction over Dr. Reddy's Laboratories, Inc. and Dr. Reddy's Laboratories Ltd. because, on information and belief, each, *inter alia*, has continuous and systematic contacts with the State of Delaware, regularly conducts business in the State of Delaware, either directly or through one or more of its wholly owned subsidiaries, agents, and/or alter egos, has purposefully availed itself of the privilege of doing business in the State of Delaware, and intends to sell DRL's ANDA Product in the State of Delaware upon approval of DRL's ANDA.

22.     On information and belief, DRL is in the business of manufacturing, marketing, importing, distributing, and selling pharmaceutical drug products, including generic drug products, either directly or through subsidiaries, agents, and/or alter egos, which DRL manufactures, distributes, markets, and/or sells throughout the United States and in this judicial district.

23.     On information and belief, DRL is licensed to sell generic and proprietary pharmaceutical products in the State of Delaware, either directly or through one or more of its wholly owned subsidiaries, agents, and/or alter egos. For example, on information and belief, Dr. Reddy's Laboratories, Inc. holds an active pharmacy wholesale license in the State of Delaware under License No. A4-0002524 and holds an active "Distributor/Manufacturer CSR" license in the State of Delaware under License No. DM-0013148.

24.     DRL has committed, or aided, abetted, contributed to, and/or participated in the commission of acts of patent infringement that will lead to foreseeable harm and injury to AbbVie, which manufactures and markets RINVOQ® LQ for sale and use throughout the United States, including in this judicial district. On information and belief and as indicated by a letter dated May 8, 2026 sent by DRL to AbbVie pursuant to 21 U.S.C. § 355(j)(2)(B), DRL prepared and filed its

ANDA with the intention of seeking to market DRL's ANDA Product nationwide, including within this judicial district.

25.    On information and belief, DRL plans to sell the DRL ANDA Product in the State of Delaware, list the DRL ANDA Product on the State of Delaware's prescription drug formulary, and seek Medicaid reimbursements for sales of the DRL ANDA Product in the State of Delaware, either directly or through one or more of its wholly owned subsidiaries, agents, and/or alter egos.

26.    On information and belief, DRL knows and intends that the DRL ANDA Product will be distributed and sold in Delaware and will thereby displace sales of RINVOQ® LQ, causing injury to AbbVie. DRL intends to take advantage of its established channels of distribution in Delaware for the sale of the DRL ANDA Product.

27.    Dr. Reddy's Laboratories, Inc. and Dr. Reddy's Laboratories Ltd. have regularly invoked the jurisdiction of the courts of this judicial district by pleading counterclaims in pharmaceutical patent infringement actions in this judicial district, and they have also not contested personal jurisdiction or venue in pharmaceutical patent litigation in this judicial district. *See, e.g.*, *Anacor Pharmaceuticals, Inc. et. al., v. Dr. Reddy's Laboratories Ltd et. al*, C.A. 21-1349, D.I. 11 (D. Del. Nov. 19, 2021); *Horizon Therapeutics USA Inc. et al v. Dr. Reddy's Laboratories, Ltd. et al*, C.A. 23-623, D.I. 12 (D. Del. July 14, 2023); *Novartis Pharmaceuticals Corporation v. Dr. Reddy's Laboratories Inc. et al.*, C.A. 22-498, D.I. 12 (D. Del. May 10, 2022); *see also, e.g.*, *Bayer HealthCare Pharmaceuticals Inc. et al. v. Dr. Reddy's Laboratories, Ltd. et al.*, C.A. No. 25-1299, D.I. 14 (D. Del. Jan. 28, 2026); *AbbVie Inc. et al. v. Dr. Reddy's Laboratories, Ltd., et al.*, C.A. No. 20-968, D.I. 14 (D. Del. Oct. 19, 2020).

28.    Additionally, this Court has personal jurisdiction over Dr. Reddy's Laboratories Ltd. because the requirements of Federal Rule of Civil Procedure 4(k)(2)(A) are met as

(a) AbbVie's claims arise under federal law; (b) Dr. Reddy's Laboratories Ltd. is a foreign defendant not subject to general personal jurisdiction in the courts of any state; and (c) Dr. Reddy's Laboratories Ltd. has sufficient contacts in the United States as a whole, including, but not limited to, participating in the preparation and submission of DRL's ANDA and/or manufacturing and/or selling pharmaceutical products distributed throughout the United States including in this judicial district, such that this Court's exercise of jurisdiction over Dr. Reddy's Laboratories Ltd. satisfies due process.

29.    Venue is proper in this district for Dr. Reddy's Laboratories Ltd. pursuant to 28 U.S.C. §§ 1391 and 1400(b) because, *inter alia*, Dr. Reddy's Laboratories is a corporation organized and existing under the laws of India and may be sued in any judicial district.

30.    Venue is further proper against Dr. Reddy's Laboratories, Inc. as it is the agent or alter ego of Dr. Reddy's Laboratories Ltd. (which is also subject to venue in this Judicial District) in connection with the submission of DRL's ANDA. Moreover, Dr. Reddy's Laboratories, Inc. has litigated other Hatch-Waxman patent infringement disputes in this judicial district.

## THE PATENTS-IN-SUIT

31.    The '584 Patent, entitled "Processes for the Preparation of (3S,4R)-3-ethyl-4-(3H-imidazo[1,2-a]pyrrolo[2,3-e]-pyrazin-8-yl]-n-(2,2,2-trifluoroethyl)pyrrolidine-1-carboxamide and solid state forms thereof," was duly and lawfully issued by the United States Patent and Trademark Office ("USPTO") on November 30, 2021. A true and correct copy of the '584 Patent is attached hereto as Exhibit A. The '584 Patent is listed in the Approved Drug Products with Therapeutic Equivalence Evaluations (an FDA publication commonly known as the "Orange Book") for RINVOQ® LQ 1mg/mL oral solution.

32.    The '689 Patent, entitled "Processes for the Preparation of (3S,4R)-3-ethyl-4-(3H-imidazo[1,2-a]pyrrolo[2,3-e]-pyrazin-8-yl]-n-(2,2,2-trifluoroethyl)pyrrolidine-1-carboxamide

and solid state forms thereof," was duly and lawfully issued by the United States Patent and Trademark Office ("USPTO") on July 22, 2025. A true and correct copy of the '689 Patent is attached hereto as Exhibit B. The '689 Patent is listed in the Orange Book for RINVOQ® LQ 1mg/mL oral solution.

### DRL'S ANDA NO. 221506

33.     DRL has submitted DRL's ANDA, which seeks approval to engage in the commercial manufacture, use, sale, offer for sale, and/or importation into the United States of a purported generic version of RINVOQ® LQ 1 mg/mL oral solution prior to the expiration of, *inter alia*, the '584 and '689 Patents.

34.     On information and belief, FDA has not approved DRL's ANDA.

35.     DRL sent AbbVie a Notice Letter dated May 8, 2026 ("DRL's Notice Letter"). DRL's Notice Letter represented that DRL had submitted to FDA ANDA No. 221506 and purported Paragraph IV certifications with respect to the '584 Patent and United States Patent Nos. 9,951,080 (the '080 Patent); 10,981,923 (the "'923 Patent"); 11,661,425 (the "'425 Patent"); 11,680,069 (the "'069 Patent"); 11,718,627 (the "'627 Patent"); 11,773,105 (the "'105 Patent"); and 12,110,298 (the "'298 Patent"), which are all listed in the Orange Book for RINVOQ® LQ. DRL's Notice Letter did not address the '689 Patent and two other patents, United States Patents Nos. 8,926,629 and RE47,221, all of which are listed in the Orange Book for RINVOQ® LQ.

36.     According to applicable regulations, Notice Letters such as DRL's must contain a detailed statement of the factual and legal basis for the applicant's opinion that the patent is invalid, unenforceable, or not infringed which includes a claim-by-claim analysis, describing "for each claim of a patent alleged not to be infringed, a full and detailed explanation of why the claim is not infringed" and "for each claim of a patent alleged to be invalid or unenforceable, a full and detailed explanation of the grounds supporting the allegation." *See* 21 C.F.R. § 314.95(c)(7); *see*

*also* 21 C.F.R. § 314.52.

37.     In DRL's Notice Letter, DRL purported to offer confidential access to portions of its ANDA No. 221506 on terms and conditions set forth in DRL's Notice Letter ("the DRL Offer"). The DRL Offer contained unreasonable restrictions regarding access to its ANDA, well beyond those that would apply under a protective order. For example, the DRL Offer did not permit AbbVie's in-house counsel or scientific experts to access ANDA No. 221506. Additionally, the DRL Offer contained provisions that unreasonably restricted the ability of outside counsel receiving access to ANDA No. 221506 to engage in any work before or involving FDA relating to upadacitinib. The restrictions the DRL Offer placed on access to ANDA No. 221506 contravene 21 U.S.C. § 355(j)(5)(C)(i)(III), which states that an offer of confidential access "shall contain such restrictions as to persons entitled to access, and on the use and disposition of any information accessed, ***as would apply had a protective order been entered for the purpose of protecting trade secrets and other confidential business information***" (emphasis added).

38.     Outside counsel for AbbVie negotiated in good faith with counsel for DRL in an attempt to reach agreement on reasonable terms of confidential access to DRL's ANDA. In correspondence dated May 14, 2026—less than a week after AbbVie received DRL's Notice Letter—outside counsel for AbbVie proposed edits to the DRL Offer consistent with protective orders AbbVie and DRL have entered into in recent Hatch-Waxman litigation, and consistent with the purpose of 21 U.S.C. § 355(j)(5)(C)(i)(III). *See, e.g.*, *AbbVie Inc. et al. v. Dr. Reddy's Laboratories, Ltd., et al.*, C.A. No. 20-968, D.I. 41 (D. Del. May 24, 2021). In that litigation, DRL allowed expert and in-house counsel access to its ANDA and permitted outside counsel receiving access to engage in FDA-related work. *See id.*

39.     On May 22, 2026, having received no response from counsel for DRL, outside

counsel for AbbVie requested an update, and counsel for DRL then responded with several questions about AbbVie's proposal but did not provide a counter-proposal. On May 26, outside counsel for AbbVie responded to DRL's questions and requested a counter-proposal. On June 4, counsel for DRL provided a counter-proposal that still excluded AbbVie in-house counsel access to DRL's ANDA. On June 5, outside counsel for AbbVie asked whether DRL would be open to in-house counsel access at all. On June 11, counsel for DRL responded that it would consider allowing in-house counsel access. On June 12, AbbVie sent back a revised draft offer of confidential access that, among other things, reintroduced in-house counsel access. To date, AbbVie has not received access to DRL's ANDA.

40.    On information and belief, if FDA approves DRL's ANDA, DRL will manufacture, offer for sale, or sell its ANDA Product, within the United States, including within the State of Delaware, or will import its ANDA Product into the United States, including the State of Delaware. On information and belief, the manufacture, use, offer for sale, sale, or importation of DRL's ANDA Product will directly infringe the '584 Patent and the '689 Patent, either literally or under the doctrine of equivalents, and DRL will actively induce and/or contribute to the infringement of the '584 Patent and/or the '689 Patent, either literally or under the doctrine of equivalents.

41.    This action is being brought within forty-five days of AbbVie's receipt of DRL's Notice Letter. Accordingly, AbbVie is entitled to a stay of FDA approval pursuant to 21 U.S.C. § 355(j)(5)(B)(iii).

### COUNT 1 — INFRINGEMENT OF THE '584 PATENT BY DRL

42.    AbbVie restates, realleges, and incorporates by reference the foregoing paragraphs as if fully set forth herein.

43.    On information and belief, DRL has submitted or caused the submission of DRL's ANDA to FDA and thereby seeks FDA approval of DRL's ANDA Product.

44.    AbbVie owns all rights, title, and interest in and to the '584 Patent.

45.    On information and belief, DRL's ANDA Product and/or the use thereof infringes one or more claims of the '584 Patent.

46.    On information and belief, DRL has infringed one or more claims of the '584 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting DRL's ANDA and thereby seeking FDA approval of a purported generic version of RINVOQ® LQ prior to the expiration of the '584 Patent.

47.    On information and belief, if the DRL ANDA is approved, the DRL ANDA Product will be made, offered for sale, sold, imported, or otherwise distributed in the United States, including in the State of Delaware, by or through DRL and its affiliates, directly infringing the '584 Patent.

48.    On information and belief, importation, manufacture, sale, offer for sale, or use of DRL's ANDA Product by DRL or on its behalf prior to the expiration of the '584 Patent would infringe one or more claims of the '584 Patent under 35 U.S.C. § 271(a), (b), (c), and/or (g).

49.    On information and belief, DRL has actual and constructive notice of the '584 Patent and is aware that the submission of DRL's ANDA with the request for FDA approval prior to the expiration of the '584 Patent would constitute an act of infringement of the '584 Patent.

50.    On information and belief, AbbVie will be irreparably harmed if DRL is not enjoined from infringing and/or from actively inducing or contributing to the infringement of the '584 Patent. AbbVie does not have an adequate remedy at law, and considering the balance of hardships between AbbVie and DRL, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

51.    DRL's Notice Letter lacks any sufficient contention that the '584 Patent is invalid, unenforceable, and/or not infringed by DRL. Any assertion by DRL of invalidity, unenforceability,

11

and/or non-infringement with respect to the '584 Patent renders this case "exceptional" as that term is set forth in 35 U.S.C. § 285 and entitles AbbVie to recovery of its attorneys' fees and such other relief as this Court deems proper.

**COUNT 2 — DECLARATORY JUDGMENT OF INFRINGEMENT OF THE '584 PATENT BY DRL**

52.     AbbVie restates, realleges, and incorporates by reference the foregoing paragraphs as if fully set forth herein.

53.     AbbVie's claims also arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

54.     AbbVie owns all rights, title, and interest in and to the '584 Patent.

55.     On information and belief, DRL's ANDA Product and/or the use thereof infringes one or more claims of the '584 Patent.

56.     On information and belief, DRL has submitted or caused the submission of the DRL ANDA to FDA and continue to seek FDA approval of the DRL ANDA.

57.     On information and belief, DRL has made, and will continue to make, substantial preparation to import into the United States, and/or to use, offer to sell, and/or sell within the United States the DRL ANDA Product.

58.     On information and belief, if the DRL ANDA is approved, the DRL ANDA Product will be made, offered for sale, sold, imported, or otherwise distributed in the United States, including in the State of Delaware, by or through DRL and its affiliates, directly infringing the '584 Patent.

59.     On information and belief, DRL has actual and constructive notice of the '584 Patent and is aware that the manufacture, use, sale, and/or importation of the DRL ANDA Product prior to the expiration of the '584 Patent will constitute an act of infringement of the '584 Patent.

60.    Unless enjoined by this Court, on information and belief, importation, manufacture, sale, offer for sale, or use of DRL's ANDA Product by DRL or on its behalf prior to the expiration of the '584 Patent would infringe one or more claims of the '584 Patent under 35 U.S.C. § 271(a), (b), (c), and/or (g).

61.    As a result of the foregoing facts, there is a real, substantial and continuing justiciable controversy between for the parties hereto as to the infringement of the '584 Patent for which this Court may grant declaratory relief consistent with Article III of the United States Constitution.

62.    On information and belief, AbbVie will be irreparably harmed if DRL is not enjoined from infringing and/or from actively inducing or contributing to the infringement of the '584 Patent. AbbVie does not have an adequate remedy at law, and considering the balance of hardships between AbbVie and DRL, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

63.    DRL's Notice Letter lacks any sufficient contention that the '584 Patent is invalid, unenforceable, and/or not infringed by DRL. Any assertion by DRL of invalidity, unenforceability, and/or non-infringement with respect to the '584 Patent renders this case "exceptional" as that term is set forth in 35 U.S.C. § 285 and entitles AbbVie to recovery of its attorneys' fees and such other relief as this Court deems proper.

### COUNT 3 — INFRINGEMENT OF THE '689 PATENT BY DRL

64.    AbbVie restates, realleges, and incorporates by reference the foregoing paragraphs as if fully set forth herein.

65.    On information and belief, DRL has submitted or caused the submission of DRL's ANDA to FDA and thereby seeks FDA approval of DRL's ANDA Product.

66.    AbbVie owns all rights, title, and interest in and to the '689 Patent.

67.    On information and belief, DRL's ANDA Product and/or the use thereof infringes one or more claims of the '689 Patent.

68.    On information and belief, DRL has infringed one or more claims of the '689 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting DRL's ANDA and thereby seeking FDA approval of a purported generic version of RINVOQ® LQ prior to the expiration of the '689 Patent.

69.    On information and belief, if the DRL ANDA is approved, the DRL ANDA Product will be made, offered for sale, sold, imported, or otherwise distributed in the United States, including in the State of Delaware, by or through DRL and its affiliates, and will then be used in a way that is directly infringing the '689 Patent.

70.    On information and belief, upon FDA approval of the DRL ANDA, DRL will actively induce and/or contribute to the infringement of one or more claims of the '689 Patent under 35 U.S.C. § 271(b) and/or (c) by actively and intentionally aiding, abetting, encouraging, participating in, and/or inducing others to perform acts of direct infringement with knowledge of the '689 Patent and knowledge that it is encouraging infringement.

71.    On information and belief, DRL has actual and constructive notice of the '689 Patent and is aware that the submission of DRL's ANDA with the request for FDA approval prior to the expiration of the '689 Patent would constitute an act of infringement of the '689 Patent.

72.    On information and belief, AbbVie will be irreparably harmed if DRL is not enjoined from infringing and/or from actively inducing or contributing to the infringement of the '689 Patent. AbbVie does not have an adequate remedy at law, and considering the balance of hardships between AbbVie and DRL, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

14

73.     DRL's Notice Letter lacks any contention that the '689 Patent is invalid, unenforceable, and/or not infringed by DRL. Any assertion by DRL of invalidity, unenforceability, and/or non-infringement with respect to the '689 Patent renders this case "exceptional" as that term is set forth in 35 U.S.C. § 285 and entitles AbbVie to recovery of its attorneys' fees and such other relief as this Court deems proper.

## COUNT 4 — DECLARATORY JUDGMENT OF INFRINGEMENT OF THE '689 PATENT BY DRL

74.     AbbVie restates, realleges, and incorporates by reference the foregoing paragraphs as if fully set forth herein.

75.     AbbVie's claims also arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

76.     AbbVie owns all rights, title, and interest in and to the '689 Patent.

77.     On information and belief, DRL's ANDA Product and/or the use thereof infringes one or more claims of the '689 Patent.

78.     On information and belief, DRL has submitted or caused the submission of the DRL ANDA to FDA and continue to seek FDA approval of the DRL ANDA.

79.     On information and belief, DRL has made, and will continue to make, substantial preparation to import into the United States, and/or to use, offer to sell, and/or sell within the United States the DRL ANDA Product.

80.     On information and belief, if the DRL ANDA is approved, the DRL ANDA Product will be made, offered for sale, sold, imported, or otherwise distributed in the United States, including in the State of Delaware, by or through DRL and its affiliates, and will then be used in a way that is directly infringing the '689 Patent.

81.     Unless enjoined by this Court, on information and belief, upon FDA approval of

15

the DRL ANDA, DRL will actively induce and/or contribute to the infringement of one or more claims of the '689 Patent under 35 U.S.C. § 271(b) and/or (c) by actively and intentionally aiding, abetting, encouraging, participating in, and/or inducing others to perform acts of direct infringement with knowledge of the '689 Patent and knowledge that it is encouraging infringement.

82.    On information and belief, DRL has actual and constructive notice of the '689 Patent and is aware that the manufacture, use, sale, and/or importation of the DRL ANDA Product prior to the expiration of the '689 Patent will constitute an act of infringement of the '689 Patent.

83.    As a result of the foregoing facts, there is a real, substantial and continuing justiciable controversy between for the parties hereto as to the infringement of the '689 Patent for which this Court may grant declaratory relief consistent with Article III of the United States Constitution.

84.    On information and belief, AbbVie will be irreparably harmed if DRL is not enjoined from infringing and/or from actively inducing or contributing to the infringement of the '689 Patent. AbbVie does not have an adequate remedy at law, and considering the balance of hardships between AbbVie and DRL, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

85.    DRL's Notice Letter lacks any contention that the '689 Patent is invalid, unenforceable, and/or not infringed by DRL. Any assertion by DRL of invalidity, unenforceability, and/or non-infringement with respect to the '689 Patent renders this case "exceptional" as that term is set forth in 35 U.S.C. § 285 and entitles AbbVie to recovery of its attorneys' fees and such other relief as this Court deems proper.

16

## REQUEST FOR RELIEF

WHEREFORE, AbbVie respectfully requests the following relief:

(A)    A judgment that DRL has infringed the '584 and '689 Patents under 35 U.S.C. § 271(e)(2)(A);

(B)    A declaratory judgment that under one or more of 35 U.S.C. §§ 271(a), (b), (c), and/or (g), DRL's commercial manufacture, use, offer for sale, or sale in, or importation into the United States of the DRL ANDA Product, or inducing or contributing to such conduct, would constitute infringement of one or more claims of the '584 and '689 Patents;

(C)    A judgment and order, pursuant to 35 U.S.C. § 271(e)(4)(A), that the effective date of any FDA approval of DRL's ANDA shall be no earlier than the last expiration date of any of the '584 and '689 Patents, or any later expiration of exclusivity for any of the '584 and '689 Patents, including any extensions or regulatory exclusivities;

(D)    A judgment that making, using, selling, offering to sell, or importing DRL's accused ANDA Product, or inducing or contributing to such conduct, would constitute infringement of the '584 and '689 Patents pursuant to 35 U.S.C. §§ 271 (a), (b), (c), and/or (g);

(E)    Entry of a permanent injunction enjoining DRL, its officers, agents, employees, parents, affiliates, and subsidiaries, and all persons and entities acting in concert with DRL or on its behalf from commercially manufacturing, using, offering for sale, or selling its accused ANDA Product within the United States, or importing its accused ANDA Product into the United States, until the day after the expiration of the '584 and '689 Patents, including any additional exclusivity period applicable to those patents, and from otherwise infringing the claims of the '584 and '689 Patents;

(F)    An award of damages or other relief, pursuant to 35 U.S.C. § 271(e)(4)(C), if DRL engages in the commercial manufacture, use, offer for sale, sale, and/or importation of its accused

17

ANDA Product, or any product that infringes the '584 and '689 Patents, or induces or contributes to such conduct, prior to the expiration of those patents including any additional exclusivity period applicable to those patents;

(G)     A finding that this is an exceptional case, and an award of attorneys' fees in this action pursuant to 35 U.S.C. § 285;

(H)     An award to Plaintiffs of their costs and expenses in this action; and

(I)     Such other and further relief as the Court deems just and proper.

<table>
<tr><td></td><td>MORRIS, NICHOLS, ARSHT & TUNNELL LLP</td></tr>
</table>

/s/ *Jeremy A. Tigan*

OF COUNSEL:

Christopher N. Sipes
Erica N. Andersen
Nicholas L. Evoy
Alexander Trzeciak
Allyson C. Corigliano
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001-4956
(202) 662-6000

June 17, 2026

Jeremy A. Tigan (#5239)
Megan E. Dellinger (#5739)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jtigan@morrisnichols.com
mdellinger@morrisnichols.com

*Attorneys for Plaintiff AbbVie Inc.*

18